IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRAPER FRANK WOODYARD, )<br>Mni No. BCSO99MNI242016,  )<br>　　　　　　　　　　　　　　　)<br>　　　Plaintiff,　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>BALDWIN COUNTY SHERIFF'S　　)<br>DEPARTMENT, *et al.*,　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　Defendants.　　　　　　　)  | CIV. ACT. NO. 1:24-cv-210-TFM-N |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This action was initially brought by a document entitled Motion for Injunction (Doc. 1, dated June 18, 2024 and received June 24, 2024). In the document, Plaintiff Draper Frank Woodyard ("Plaintiff" or "Woodyard"), who proceeds *pro se*, lists as defendants the Baldwin County Sheriff's Department, the Alabama Department of Corrections, and the State of Alabama. On June 25, 2024, the Magistrate Judge entered an order noting that Woodyard seemed to request "immediate relief" in the form of an "injunction" against ongoing parole revocation proceedings in Baldwin County state court. *See* Doc. 4. The Magistrate Judge explained that federal courts lack general power to direct state court proceedings and ordered Plaintiff to file his challenges to confinement in a habeas petition under 28 U.S.C. § 2241. *Id*. Subsequently, the Court received an "Objection to Court Order Doc 2 ordered on 6/24/2024". *See* Doc. 5. The objection is dated on July 1, 2024 and received by the Court on July 8, 2024. *Id*. In the "objection" Woodyard states that his life is in "clear and present danger" and reiterates that it is injunctive relief he seeks and not habeas relief. He further states he objects because a habeas "only prolongs the obvious" on his allegations of false imprisonment.

Therefore, the Court takes this "objection" as both an objection to the Magistrate Judge's order and a request for a temporary restraining order ("TRO") and preliminary injunction. The Court will deal with the TRO and preliminary injunction request first and then address the objection.

A temporary restraining order ("TRO") may be granted without notice if

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). *Ex parte* relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974). The elements for both a TRO and preliminary injunction are the same. A plaintiff must show: (1) a substantial likelihood of success on the merits; (2) that the TRO or preliminary injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the order would cause to the non-movant; and (4) that the TRO or preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. Of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). A preliminary injunction is considered an extraordinary and drastic remedy and, as such, is not granted unless Plaintiff can clearly satisfy the burden of persuasion as to each of the four prerequisites. *DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011). Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. *LSSi Data Corp. v. Comcast Phone, LLC*, 696 F.3d 1114, 1119

(11th Cir. 2012).

Though Plaintiff makes serious allegations about his physical safety, his request for a temporary restraining order falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order or a preliminary injunction. At this time, he has not filed an actual complaint asserting exactly what the Court's jurisdiction is or what claims he brings, but rather just a request for blanket injunction to release him from jail. Though it does contain a signature and, at the end, is signed with a note "I swear under penalty of perjury that the foregoing is correct and true", these do not overcome the procedural deficiencies. Additionally, there is no payment of filing fee or a request or proceed *in forma pauperis*. Rather, Woodyard also states "if fomma [sic] pauperis is needed I would ask that the Court send one to me." Doc. 1 at 3. Yet, even if considered a Verified Complaint, Woodyard still fails in his request for a TRO because he does not submit a certification required under Fed. R. Civ. P. 65(b)(1)(B). Therefore, the request for a TRO procedurally fails.

Further, the request for a preliminary injunction also fails because he cannot show substantial likelihood on the merits (the first element) for the same reasons articulated by the Magistrate Judge's original June 25, 2024 order. "[F]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Lawrence v. Miami-Dade Cnty. State Attorney's Office*, 272 F. App'x 781, 781 (11th Cir. 2008) (quoting *Lamar v. 118th Jud. Dist. Ct. of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971)).[1,2] "[H]abeas corpus [rather than § 1983] is the exclusive remedy

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the Fifth Circuit that were decided prior to September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v.*

for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Bradley v. Pryor*, 305 F.3d 1287, 1289 (11th Cir. 2002) (alterations added; citing *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) ("A § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison, or the shortening of his term of confinement." and "He must seek federal habeas corpus relief (or appropriate state relief) instead." (internal quotations omitted)).

It is therefore **ORDERED** that the request for injunction (whether by TRO or preliminary injunction) is **DENIED**.

The Court now turns to a review under the standard for objections. A party may seek review of a magistrate judge's ruling on a non-dispositive matter by serving and filing objections within fourteen days after being served with a copy. FED. R. CIV. P. 72(a). A non-dispositive matter is one that does not dispose of a claim or defense of any party. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007). "A judge of the court may reconsider any pretrial matter [on a non-dispositive issue] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). Put another way, "[i]n the absence of a legal error, a district court may reverse only if there was an abuse of discretion by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla.

---

*Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

2012) (internal quotation marks and citation omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (stating same). In sum, it is an extremely deferential standard. *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).

The Court finds that the Magistrate Judge's order did not dispose of Plaintiff's claim. Rather, it merely pointed out the obvious deficiencies in the document and instructed Plaintiff to file a habeas petition under 28 U.S.C. § 2241. However, whether considered under a clearly erroneous standard or a *de novo* review, the Court finds no error in the Magistrate Judge's order.

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Woodyard's current documents do not comply with either a complaint under 42 U.S.C. § 1983 or a habeas petition under 28 U.S.C. § 2241. In many ways, his current objections muddy the waters further because some of the complaints relate to conditions of confinement similar to a § 1983 complaint, yet the crux of his complaint remains in that he requests an order from this Court to release him from state custody. Therefore, his objections are **OVERRULED**.

The Court cannot act as *de facto* counsel for an unrepresented plaintiff. The Magistrate Judge already made it clear that the only mechanism under which Woodyard may bring his challenge to confinement is by filing a habeas petition. *See* Doc. 4. Should Woodyard wish to bring a challenge to the conditions of his confinement then he must do so by filing an appropriate complaint under § 1983.

The Clerk of Court is **DIRECTED** to send a copy of the pro se litigant handbook along with copies of the Court's forms for habeas petitions and prisoner § 1983 complaints.

**DONE** and **ORDERED** this 9th day of July, 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE