IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DRAPER FRANK WOODYARD,** ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:24-00210-TFM-N |
| ) | |
| **BALDWIN COUNTY SHERIFF'S** ) | |
| **DEPARTMENT,** *et al.*, ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Petitioner Draper Frank Woodyard—at the time an inmate at the Baldwin County (Alabama) Corrections Center, and who at all times in this action has been proceeding without counsel (*pro se*)—filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 dated July 1, 2024,[1] challenging his detention resulting from his then-pending parole revocation proceedings in Baldwin County state court.[2] The

---

[1] Woodyard initiated this action by filing a handwritten "Motion for Injunction" dated June 18, 2024 (Doc# 1). By order dated and entered June 25, 2024, the undersigned explained why the "Motion for Injunction" was being construed as a § 2241 petition and ordered Woodyard to refile his petition on the Court's requisite form. *See* (Doc# 4); S.D. Ala. CivLR 9(a)("All persons applying or petitioning for release from custody under 28 U.S.C. § 2241 or 28 U.S.C. § 2254…must file their application, petition, or motion with the Clerk using forms available from the Court."); Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts ("The petition must substantially follow either the form appended to these rules of a form prescribed by a local district-court rule."); *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (per curiam) ("Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework."). Woodyard timely complied with that directive, resulting in his operative § 2241 petition dated July 1, 2024 (Doc# 7).

[2] *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam) ("Pre-trial habeas petitions ... are properly brought under 28 U.S.C. §

assigned District Judge has referred said petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (Doc# 2 & 7/11/2024 electronic reference notation). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.[3]

## I.   *Analysis*

### a.   Mootness

As was previously mentioned, at the time Woodyard filed his operative § 2241 petition, he was being held at the Baldwin County Corrections Center awaiting adjudication of his parole revocation proceedings. Subsequent filings revealed that Woodyard was later transferred to the custody of the Alabama Department of Corrections (ADOC), indicating that his parole was revoked. However, Woodyard

---

2241, which applies to persons in custody regardless of whether final judgment has been rendered."); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241"); *Georgia v. Shafer*, 119 F.4th 1317, 1321 (11th Cir. 2024) (per curiam) ("A state pretrial detainee may file a petition for a writ of habeas corpus. 28 U.S.C. § 2241…").

[3] *See* Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas petition not [filed under 28 U.S.C. § 2254]."); S.D. Ala. CivLR 9(b) ("The Court may apply any of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts to applications for release from custody under 28 U.S.C. § 2241.").

contacted the Court in late November 2024 via email to update his mailing address, with the new address indicated that Woodyard has been released from ADOC custody. A recent review of ADOC's online "Inmate Search" tool (https://doc.alabama.gov/InmateInfo.aspx (last visited Jan. 13, 2025)) confirms this, indicating he has finished serving his sentence of incarceration for his parole revocation. In light of this development, the undersigned concludes that Woodyard's present § 2241 petition is due to be dismissed as moot.

> Article III of the Constitution "limits the jurisdiction of federal courts to 'cases' and 'controversies,' " and the justiciability doctrine's main components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted). A cause of action becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *See id.* (quotation marks omitted).
>
> Because mootness is jurisdictional, [a court is] required to resolve any question implicating the doctrine before we assume jurisdiction over an [action]. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) … In considering mootness, we look at the events at the present time, not at the time the complaint was filed … *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001).

*Djadju v. Vega*, 32 F.4th 1102, 1106 (11th Cir. 2022). "The fundamental question is whether events have occurred that deprive [the federal courts] of the ability to give the [petitioner] meaningful relief." *Id.* at 1107.

It is well-recognized that a § 2241 petition is moot once the petitioner has been convicted on the underlying state charges since a federal court can no longer grant meaningful relief for pretrial federal rights violations once the petitioner is held as a convicted defendant. *See Powers v. Schwartz*, 587 F.2d 783, 783–84 (5th Cir. 1979)

(per curiam) ("At oral argument, all parties admitted that since the district court's action, Ms. Powers has been tried on and convicted of the charges that precipitated this [habeas] action. Ms. Powers is therefore no longer a pretrial detainee; she has not shown a reasonable probability that she will again acquire that status in the future; and this is not a class action. The case is therefore moot.");[4] *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) ("Yohey claims that the state court erred in refusing to grant his requests for pretrial habeas relief. However, such claims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (per curiam) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Thorne v. Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since Thorne is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented." ); *Clark v. Payne*, 341 F. App'x 355, 356 (10th Cir. 2009) (unpublished) (Petitioner "filed his petition in the district court while awaiting his

---

[4] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

state-court trial; however, § 2241 petitions that challenge a defendant's pretrial custody become moot upon the conviction of the petitioner.").

Alternatively, Woodyard's ground for relief under § 2241 has been that there was no parole period left to revoke because he had already served the entirety of his original sentence of imprisonment on the underlying conviction, and that the state courts and/or ADOC had miscalculated his original sentence by failing to include credit for time he had spent in pretrial detention. However, because Woodyard has served his sentence of incarceration for his parole violation and been released, this Court can no longer provide him meaningful habeas relief on those issues, and this action is due to be dismissed without prejudice as moot. *See Hernandez v. Wainwright*, 796 F.2d 389, 390 (11th Cir. 1986) (per curiam) (affirming dismissal of state habeas petition "alleging that prison officials had unconstitutionally miscalculated [the petitioner's] gain time credits" as moot where the petitioner was released from custody while the petition was still pending).

### b.  Certificate of Appealability

For habeas petitions brought by persons in state custody, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by

a State court." 28 U.S.C. § 2253(c)(1)(A).[5]

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). For all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner seeking a COA must prove something more

---

[5] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted).

Upon due consideration, the undersigned finds that Woodyard should be **DENIED** a certificate of appealability in connection with the dismissal of this habeas action. Woodyard has failed to make a substantial showing of the denial of a constitutional right, and reasonable jurists would not find it debatable or wrong that dismissal for mootness is warranted on at least one of the grounds set out above.[6]

## *II.   Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Woodyard's petition for a writ of habeas corpus under 28 U.S.C. § 2241 dated July 1, 2024 (Doc# 7), be **DISMISSED without prejudice** as **MOOT**, that all pending motions accordingly be **DENIED** as also **MOOT**, that the Court **DENY** Woodyard a Certificate of Appealability in connection with this dismissal, and that such final judgment thereafter be set out by separate document in accordance with Federal Rule of Civil Procedure 58.

---

[6]   Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection by the petitioner to the recommendation to deny a certificate of appealability, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.
   Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **13th** day of **January 2025**.

                                    */s/ Katherine P. Nelson*
                                    **KATHERINE P. NELSON**
                                    **UNITED STATES MAGISTRATE JUDGE**